UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

        v.

ZABAR IRICK,

                Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
21-CR-82 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**
On June 29, 2021, Zabar Irick ("Defendant") pleaded guilty to Count Two of a two-count Indictment charging him with possession of a firearm while subject to a protective order in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2). The Court now sentences him and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is hereby sentenced to 48 months of incarceration, 2 years of supervised release with special conditions, and a $100.00 special assessment.

## BACKGROUND

On February 10, 2021, a grand jury returned a two-count Indictment against Defendant, charging him with possessing a firearm while subject to a protective order in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2). Indictment, ECF No. 1. On June 29, 2021, Defendant pleaded guilty to Count Two of the Indictment pursuant to a plea agreement.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in

open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing or varying "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, No. 08-CR-332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

## II. Analysis

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

i. <u>History and Characteristics of the Defendant</u>

Defendant was born on July 24, 1998, in Brooklyn, New York. Presentence Investigation Report ("PSR") ¶ 31, ECF No. 15. Defendant's father, Zabar Irick, age 46, reside in Brooklyn, New York, is unemployed and is currently being supervised in the Eastern District of New York following an October 2019 conviction for Conspiracy to Distribute and Possession with Intent to Distribute Heroin, and Possession with Intent to Distribute Heroin. *Id.* Defendant's mother, Shavonne Tucker, age 41, lives in Brooklyn, New York, and works part-time as a maintenance worker at the Port Authority of New York. *Id.* Defendant reports having a good relationship with both of his parents, who are aware of his arrest and who remain supportive of him. *Id.*

2

Defendant has five paternal half-siblings, all of whom are in good health. *Id.* ¶ 32. Zyasia Irick, Jasmine Irick, and Zaire Irick reside together in Brooklyn, New York. *Id.* They are all single with no children. Id. Defendant has two younger half-siblings who are minors and who reside with their mother in Long Island, New York. *Id.* Defendant reported having a good relationship with all of his siblings but is closest with his sister Jasmine. *Id.* His older siblings are aware of his arrest and remain supportive of him. *Id.*

Defendant was raised by his mother in a below-average income household. *Id.* ¶ 33. His mother was able to provide him with basic necessities with the help of public assistance programs. *Id.* Defendant's parents separated when he was four years old, though they remained civil and never argued in front of him. *Id.* He visited his father on weekends but resided primarily with his mother. *Id.* Defendant reported having a good childhood. *Id.* He is a lifelong New York resident, aside from a few months in 2012, when he resided with his aunt in Virginia while he was playing basketball in an amateur league. *Id.* Defendant reported no history of abuse of any kind in his family. *Id.*

Defendant is single and has no marital history. *Id.* ¶34. He has one child with Janae Lewis, age 21. *Id.* Ms. Lewis resides in Brooklyn, New York, is employed as a waitress, and is in good health. *Id.* Defendant's two-year old daughter resides with Ms. Lewis and is in good health. *Id.* Defendant reported he has limited contact with Ms. Lewis and their child but provides financial support when he is able to do so. *Id.*

The order of protection forming the basis of the instant offense was issued for the protection of Ms. Lewis and their child. *Id.* ¶ 35. This order of protection was in effect from May 21, 2020, until November 27, 2020. *Id.* According to the ADA prosecuting the underlying incident, on May 15, 2020, while on a public street with his child, Defendant approached Ms.

Lewis and proceeded to punch her, drag her to the ground, kick her, take her phone, and flee with their child. *Id.* The ADA described a second assault that took place approximately an hour and a half later during which Defendant punched Ms. Lewis in the face and on her body. *Id.*

Defendant's mother described Defendant as an "outgoing and respected individual" who has been associating with the "wrong people" who have gotten him into trouble. *Id.* ¶36. His mother reported that Defendant is "family oriented" and wants to be able to be an active part of his daughter's life. *Id.*

Defendant has been in custody at the Metropolitan Detention Center ("MDC") in Brooklyn, New York, since February 11, 2021. *Id.* ¶ 37. While in federal custody, Defendant has had no work assignments, has not participated in any educational programming, and has not been involved in any disciplinary incidents. *Id.*

    ii.   Physical, Mental, and Emotional Health

Defendant reported he is in good health and has no history of physical, mental, or emotional health problems. *Id.* ¶¶ 39-40.

    iii.   Substance Abuse

Defendant reported social use of marijuana on a weekly basis from age 17 until 2020. *Id.* ¶ 41. He also reported trying alcohol once at age 18 but not having consumed alcohol since. *Id.*

    iv.   Educational, Vocational, and Special Skills

Defendant attended J.P. Sousa Junior High School in Bronx, New York, for 6th through 7th grade. *Id.* ¶ 43. He then attended school in Virginia for 8th grade, but he could not recall the name of the school. *Id.* For 9th grade, Defendant attended Passages Academy in Brooklyn, New York, but left because he wanted to try a new school. *Id.* ¶ 42. Defendant attended K586 Lyons

Community School in Brooklyn, New York for 10th and 11th grade, but he ultimately left because he became uninterested in school. *Id.*

### v. Employment Record

Defendant has been incarcerated for the instant offense since February 11, 2021. *Id.* ¶ 44. He reported no work history prior to his arrest. *Id.* Defendant states that, prior to his arrest, he had been receiving $386.00 per week in unemployment benefits and was otherwise supported by his parents. *Id.*

According to Probation, Defendant appears unable to pay a fine. *Id.* ¶ 48.

### vi. Criminal History

On July 7, 2016, Defendant was sentenced in Kings County Supreme Court to five years of probation and a six-month order of protection for robbery in the third degree. *Id.* ¶ 23. According to New York City Police Department ("NYPD") records, on February 28, 2016, at approximately 10:30 P.M., at a New York City Housing Authority ("NYCHA") building, Defendant and a co-conspirator robbed a victim at gunpoint. *Id.* The two co-conspirators took the victim's money, cellphone, and glasses. *Id.* On February 29, 2016, at approximately 1:00 A.M., also at a NYCHA building, Defendant and his co-conspirator entered the victim's residence without permission and ordered the victims to get down on the floor at gunpoint. *Id.* The co-conspirators took money, a cellphone, a wallet, an XBOX game system, a number of XBOX games, and a tablet from the victim's residence. *Id.* On March 9, 2016, at approximately 4:00 P.M., Defendant and a co-conspirator robbed another victim at gunpoint for their hoverboard. *Id.*

5

On January 25, 2018, Defendant was sentenced in Kings County Supreme Court to time served, constituting seven months, for criminal mischief: intent to damage property, a Class A misdemeanor. *Id.* ¶ 24.

According to NYPD records, Defendant was arrested on June 1, 2020 for criminal possession of stolen property in the second degree. *Id.* ¶ 28.

    vii.   <u>Nature and Circumstances of the Offense</u>

Pursuant to an order of protection issued in Kings County Criminal Court on May 21, 2020 for the protection of Defendant's intimate partner and his then one year old child, Defendant was prohibited from possessing a firearm. *Id.* Defendant has been the subject of at least eight orders of protection relating to seven separate individuals. Addendum to PSR.

On November 4, 2020, NYPD officers received a report of a physical altercation taking place in the vicinity of 390 Bushwick Avenue in Brooklyn, New York. *Id.* ¶ 3. When officers responded to the scene, they encountered a group of males, including Defendant. *Id.* After the group was disbanded, one of the responding officers recovered a KelTec Model P32 .32 caliber pistol bearing serial number C4Z74 from the ground in a fenced off trash receptacle area. *Id.* Based on surveillance video footage, prior to the arrival of the officers, Defendant appeared to be engaged in an argument with another individual while displaying a firearm and pointing it at others in the group. *Id.* As the responding officers approached the scene, Defendant drops the firearm in the fenced off area where it was later recovered. *Id.* This firearm was manufactured in the state of Florida. *Id.*

On November 10, 2020, Defendant was captured on video engaging in a shootout at approximately 1:00 P.M. in the middle of a crowded street in the vicinity of 390 Bushwick Avenue. *Id.* ¶ 4. Defendant began to cross the street, but when he recognized two individuals

6

walking on the sidewalk on the opposite side of the street, he hid behind an occupied vehicle and exchanged fire with one of the two men. *Id.* After the shooting stopped, Defendant dropped the firearm under the parked, but occupied car. *Id.* When the vehicle pulled away, Defendant returned, picked up the weapon, and placed it in a nearby trash bag. *Id.* Shortly after, law enforcement officers recovered a Smith & Wesson Model M&P 40 Shield .40 caliber pistol bearing searing number HUE9981 from that trash bag. *Id.* This firearm was manufactured in the state of Connecticut. *Id.*

On February 6, 2021, at approximately 4:00 P.M., a shooting in the vicinity of 390 Bushwick Avenue was reported to 911 operators. *Id.* ¶ 6. Law enforcement recovered surveillance video footage from the area depicting Defendant chasing and shooting at another individual. *Id.*

### B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's offense and punishes Defendant accordingly. It seeks to deter Defendant from further criminal activity, promote respect for the law, and to deter others from similar conduct.

### C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pleaded guilty to possession of a firearm while subject to a protective order in violation of 18 U.S.C. § 922(g)(8). The maximum term of imprisonment for this offense is 10 years, and the maximum term of supervised release is three years. 18 U.S.C. §§ 922(g)(8), 924(a)(2), 3583(b)(2). A term of probation of not less than one nor more than five years may be imposed because the offense is a Class C felony. 18 U.S.C. § 3561(c)(1). If probation is imposed, a fine, restitution, or community service must also be imposed as a condition of probation unless the Court finds that extraordinary circumstances exist that would make such a condition plainly unreasonable. 18 U.S.C. § 3563(a)(2). Defendant also faces a maximum fine of $250,000.00, *see* 18 U.S.C. § 3571(b), and a special assessment of $100.00 is mandatory, 18 U.S.C. § 3013.

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" USSG § 3553(a)(4)(A).

Under USSG § 2K2.1(a)(4)(A), the base offense level for Defendant's offense is 20 because Defendant sustained at least one felony conviction for a crime of violence prior to engaging in the instant offense. *See id.* §§ 4B1.2(a), 2K2.1(a)(4)(A). Specifically, Defendant was previously convicted of Robbery in the Third Degree. Because Defendant possessed the firearm involved in the instant offense in connection with another felony offense, 4 levels are added pursuant to USSG § 2K2.1(B)(6)(b). Because Defendant demonstrated acceptance of

8

responsibility for the instant offense, the offense level is decreased by 2. *Id.* § 3E1.1(a). Finally, because the Government was notified in a timely manner of Defendant's intention to plead guilty, the offense level is decreased by 1. *Id.* § 3E1.1(b). This results in a total offense level of 21.

Defendant's criminal history results in a criminal history score of four. A criminal history score of four establishes a criminal history category of III. For a total offense level of 21 and a criminal history category of III, the Guidelines imprisonment range is 46 to 57 months. The Guidelines further suggest a term of supervised release of 1 to 3 years, *see* USSG § 5D1.2(a)(2), and a fine of between $15,000.00 and $150,000.00. USSG § 5E1.2(c)(3).

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5). This factor is not relevant here.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to address "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7). Restitution is not applicable in this case. *See* 18 U.S.C. § 3663.

9

## CONCLUSION

A sentence of 48 months of incarceration to be followed by 2 years of supervised release with special conditions is appropriate. The Court additionally imposes the $100.00 mandatory special assessment but does not impose a fine because Defendant does not have the ability to pay. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553.

The Court expressly adopts the factual findings of the Presentence Investigation Report and any addenda thereto, barring any errors contained therein, to the extent they are not inconsistent with the Court's sentence.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: October 12, 2022
      Brooklyn, New York